

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHARLES GRIFFIN, individually and on behalf of
GERALDINE GRIFFIN, CRAIG GRIFFIN, LANCE
GRIFFIN, CARIL SIMMONS, THE GRIFFIN
FAMILY,

                        Plaintiffs,

       -against-

INCORPORATED VILLAGE OF ROCKVILLE
CENTRE, all employees, agents, servants, volunteers,
identified and unidentified, without exception within
such legal identity in their official capacity, including
individuals listed individually, FRANCIS X. MURRAY,
individually, DANIEL CASELLA, Building Superintendent,
individually, JOHN GOOCH, Building Inspector, individually,
JOHN THORP, Fire Chief, individually, PETER KLUGEWICZ,
Chief Fires Safety Inspector, individually, Unidentified
Employees, Agents, Volunteers,

                        Defendant.
-----------------------------------------------------------------X

ORDER
14-CV-4491(SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★    OCT 23 2014    ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

       The Court's records reflect that the complaint in this action was filed on July 25, 2014.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is
> filed, the court – on motion or on its own after notice to the
> plaintiff – must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

      Accordingly, if service is not made upon defendant by **November 24, 2014**, or plaintiffs fail to show good cause why such service has not been effected, this action will be dismissed without prejudice. **Plaintiffs are to provide a copy of this Order to the defendants along with the summons and complaint, and shall file proof of service with the Court.**

Plaintiffs are required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of plaintiffs' current address may result in dismissal of the case for failure to prosecute. See Fed. R. Civ. P. 41(b).

Further, insofar as *pro se* plaintiff Charles Griffin seeks to litigate claims on behalf of his wife, Geraldine Griffin, he may not do so because "[a] person who has not been admitted to the practice of law may not represent anybody other than himself." Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010); see 28 U.S.C. § 1654. Moreover, "the Griffin Family" is not a proper party. Each individual member of "the Griffin Family" who seeks to litigate a claim in this case must be named in the caption and sign the complaint. See Fed. R. Civ. P. 10, 11. Accordingly, the claims asserted on behalf of Geraldine Griffin and "the Griffin Family" are dismissed without prejudice.

SO ORDERED.

                                                  s/ Sandra J. Feuerstein
                                                  Sandra J. Feuerstein
                                                  United States District Judge

Dated:      October 23, 2014
              Central Islip, New York