UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHARLES GRIFFIN, GERALDINE GRIFFIN,
CRAIG GRIFFIN, LANCE GRIFFIN, and
CARIL SIMMONS

                             Plaintiffs,

         -against-

INCORPORATED VILLAGE OF ROCKVILLE
CENTRE, FRANCIS X. MURRAY, Mayor of the
Incorporated Village of Rockville Centre, in his
Official and individual capacities, DANIEL
CASELLA, Building Superintendent for the
Incorporated Village of Rockville Centre, in his
official and individual capacities, JOHN GOOCH,
Building Inspector for the Incorporated Village
of Rockville Centre, in his official and individual
capacities, THOMAS BUNTING, Building
Inspector for the Incorporated Village of Rockville
Centre, in his official and individual capacities,
PETER KLUGEWICZ, Chief Fire Safety
Inspector for the Incorporated Village of Rockville
Centre, in his official and individual capacities,
and JOHN and/or JANE DOES,

                             Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
14-CV-4491 (JMA) (AYS)

**APPEARANCES:**

Jonthan A. Tand
Jonathan A. Tand & Associates. P.C.
900 Stewart Avenue, Suite 225
Garden City, NY 11530
     *Attorneys for Plaintiff*

Gail L. Ritzert
Havkins Rosenfeld Ritzert & Varriale, LLP
114 Old Country Road, Suite 300
Mineola, NY 11501
     *Attorneys for Defendants*

**AZRACK, United States District Judge:**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3, defendants have moved for partial reconsideration of the Court's October 3, 2016 decision, which granted in part, and denied in part, defendants' motion to dismiss. Defendants argue that the Court should have dismissed plaintiffs' state law trespass claims and federal § 1983 claims arising from the incident on July 17, 2012, because "plaintiffs failed to comply with the requisite Notice of Claim requirements of N.Y. Gen. Mun. Law. §§ 50-e and the accompanying statute of limitations." (Mot. for Reconsid. 2–3, ECF No. 55-6.) Plaintiffs opposed the motion for reconsideration. Notably, however, plaintiffs discuss only the § 1983 claims; they do not address defendants' arguments concerning the state law trespass claim. The Court assumes familiarity with the underlying facts and procedural history.

"The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical." In re New York Cmty. Bancorp, Inc., Sec. Litig., 244 F.R.D. 156, 159 (E.D.N.Y. 2007) (citing Alexander v. The Turner Corp., No. 00-CV-4677, 2001 WL 1098010, at *1 (S.D.N.Y. Sept. 10, 2001)). "The decision to grant or deny a motion for reconsideration 'is within the sound discretion of the district court.'" Hernandez v. Doe, No. 16-CV-2375, 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016) (quoting Mangino v. Inc. Vill. of Patchogue, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011)). "In order to prevail on a motion for reconsideration, 'the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion.'" Justice v. City of New York, No. 13-CV-4016, 2015 WL 4523154, at *2 (E.D.N.Y. July 27, 2015) (emphasis in original) (quoting Lichtenberg v. Besicorp Grp. Inc., 28 F. App'x 73, 75 (2d Cir. 2002)).

As an initial matter, plaintiffs conceded that their state law trespass claim should be dismissed by not addressing this point in their opposition papers. Moreover, defendants' argument on this point is persuasive. Defendants have pointed to controlling statutory and precedential authority that plaintiffs' state law trespass claim arising from the July 17 incident should have been dismissed. Pursuant to New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") 217-a and New York General Municipal Law § 50-e, plaintiffs were required to provide the municipality with written notice of these claims within ninety days after the claims arose. Under N.Y. C.P.L.R. 217-a, plaintiffs were also required to commence this action within one year and ninety days of the date the claims arose. These "notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action." Grennan v. Nassau Cty., No. 04-CV-2158, 2007 WL 952067, at *17 (E.D.N.Y. Mar. 29, 2007) (quoting Warner v. Village of Goshen Police Dept., 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003)).

In their Second Amended Complaint, plaintiffs state that they a filed notice of claim against defendants on July 30, 2013. (Amended Complaint ¶ 15, ECF No. 40-4; Notice of Claim, ECF No. 55-4.) This was more than a year after July 17, 2012, well beyond the ninety-day statute of limitations. Furthermore, plaintiffs commenced this action on July 23, 2014, much longer than one year and ninety days after the claims arose. (Complaint, ECF No. 1.) Since plaintiffs did not comply with these statutory conditions, the state law trespass claims related to the July 17 incident must be dismissed against all defendants. See e.g., Bryant v. Rourke, No. 15-CV-5564, 2017 WL 1318545 (E.D.N.Y. Feb. 8, 2017) (report and recommendation) (dismissing state law tort claims when plaintiff failed to file a notice of claim against defendant), adopted, 2017 WL 1317009 (E.D.N.Y. Mar. 17, 2017).

Plaintiffs cannot cure their failure to serve notice because application for leave to file late notice of claim can be made only in state court within the one year and ninety day period during which plaintiffs can bring their claims. See, e.g., Fair v. Weiburg, No. 02-CV-9218, 2006 WL 2801999, at *10 (S.D.N.Y. Sept. 28, 2006) ("Permission from the state court must be sought within the one year and ninety day period during which a plaintiff may bring his claim." (citing N.Y. Gen. Mun. Law § 50-e(5)(a))). Since this period has passed, plaintiffs cannot cure this deficiency. See id. ("As over one year and ninety days have passed since Plaintiff's injury, he cannot cure his failure to serve notice of claim.")

In their reply, defendants appear to have abandoned their argument that plaintiffs' federal claims should also be dismissed. To the extent that defendants are still moving to dismiss the § 1983 claims on these grounds, that motion is denied because the New York statute of limitations defendants cite does not apply to plaintiffs' federal § 1983 claims. See, e.g. Moreau v. Peterson, 672 F. App'x 119, 121 (2d Cir. 2017) ("Section 1983 claims in New York are subject to a three-year statute of limitations . . . ."); Bordeau v. Metro. Transit Auth., No. 06-CV-6781, 2008 WL 4455590, at *4 (E.D.N.Y. Sept. 30, 2008) ("[T]he purpose of Section 1983 as a separate federal remedy would be thwarted if the state law notice of claim requirement can bar plaintiffs' federal claim . . . . Therefore, New York's notice of claim requirements . . . do not apply to and do not preclude plaintiffs' . . . claim under Section 1983.").

For the foregoing reasons, defendants' motion for partial reconsideration is GRANTED with respect to the state law trespass claims arising from the incident on July 17, 2012, and DENIED with respect to the § 1983 claims arising from the incident on July 17, 2012. The state law trespass claims arising from the incident on July 17, 2012, are therefore dismissed against all defendants.

**SO ORDERED.**

Date: July 31, 2017
Central Islip, New York

                      _____/s/ (JMA)_____
                      Joan M. Azrack
                      United States District Judge