THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 05 2019 ★
LONG ISLAND OFFICE

RECEIVED
SEP 0 5 2019
EDNY PRO SE OFFICE

|  |  |
|---|---|
| CHARLES GRIFFIN individually and on behalf Of GERALDINE GRIFFIN, CRAIG GRIFFIN, LANCE GRIFFIN, individually, CARIL SIMMONS individually and on behalf of all the related GRIFFIN FAMILY, <br><br> Plaintiffs, <br> v. <br><br> INCORPORATED VILLAGE OF ROCKVILLE CENTRE all employees, agents, servants, volunteers, identified and unidentified, without exception within such legal identity in their official capacity, including individuals listed individually and FRANCIS X. MURRAY, Mayor, individually, DANIEL CASELLA, Building Superintendent, individually, JOHN GOOCH, Building Inspector, individually, THOMAS BUNTING, Building Inspector, individually, JOHN THORP, Fire Chief, individually, PETER KLUGEWICZ, Chief Fire Safety Inspector, individually, UNIDENTIFIED EMPLOYEES, AGENTS, SERVANTS, VOLUNTEERS, individually, <br><br> Defendants. | Civil Action No.: 14-cv-4491 <br><br> Judge: Joan M. Azrack <br><br> Magistrate: Anne Y. Shields |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUEST FOR ADMISSIONS AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND TO COMPEL DEFENDANTS, DANIEL CASELLA, Building Superintendent, THOMAS BUNTING, Building Inspector, JOHN THORP, Fire Chief AND PETER KLUGEWICZ, Chief Fire Safety Inspector, To SUBMIT TO DEPOSITIONS**

---

Plaintiffs respectfully submit this motion pro se, pursuant to Rule 37(a)(3)(B)(iv) of

the Federal Rules of Civil Procedure, to compel Defendants to respond to Plaintiffs'

Interrogatories, request for admissions and produce documents responsive to Plaintiffs'

requests dated, June 12, 2019, and to compel Defendants to submit to depositions. Defendants' responses were due by July 12, 2019.

Plaintiffs have attempted to meet and confer in good faith with attorneys for the Defendants. First by emailed letter, July 30, 2019, to Defendants' attorney Amol N. Christian, Esq. who accepted hand delivery of Plaintiffs' Interrogatories Request for Documents and Admissions during the June 12, 2019, court conference before Judge Joan M. Azrack. Plaintiffs' conveyed in the June 30, 2019, emailed letter to Mr. Christian that it was "imperative" for defendants to submit their responses within the required timeframe (although then well past the due date of July 12, 2019) because of the shortened Discovery schedule, the case needed to move on to depositions.

Susan Boland, Esq., counsel for the Defendants, emailed a response on July 31, 2019, to Plaintiffs' July 30, 2019, emailed letter to Defendants' attorney Amol N. Christian, Esq. stating that they were in the process of responding, and they were asking for an extension to submit their responses. In addition, Defendants' attorney stated that "Plaintiffs would get the responses shortly." At this time, the responses were nearly three weeks past the date due of July 12, 2019, per court-mandated Discovery rules. As the Discovery schedule had been shorted, Plaintiffs absolutely did not agree to an extension for Defendants to respond, and, as of this date, have not received a copy of any motion made to the Court by the Defendants requesting an extension, to which Plaintiffs would have promptly objected.

Defendants' attorney also stated in the July 31, 2019, emailed response to Plaintiffs she had cc'ed their calendar clerk on this email to coordinate deposition dates for their

office to depose the Plaintiffs on September 3, 6, 9, 10 or 30. Plaintiffs responded by asking Defendants' attorney for the availability of Defendants, Daniel Casella, John Thorp, Peter Klugewicz, and Thomas Bunting for depositions by Plaintiffs. In addition, Plaintiffs requested that all the depositions take place at Federal District Court in Central Islip, a neutral location. Plaintiffs further stated when the dates of availability can be determined, a room may be reserved for that purpose and provided the name and phone number of the person to contact to reserve a room at Federal District Court, Central Islip. Plaintiffs received no response to this email requesting dates of the Defendants availability for depositions.

With time short, Plaintiffs on August 6, 2019, sent Notice of Depositions to Defendants' attorney for Defendants, Daniel Casella, John Thorp, Peter Klugewicz, and Thomas Bunting to be deposed on August 29, 2019, at Federal District Court, Central Islip with the room number to be determined.

Plaintiffs sent an email on August 14, 2019, to Defendants' calendar clerk cc'ed to Susan Boland, Esq., providing the room number Plaintiffs reserved at Federal District Court for the depositions of Defendants, Daniel Casella, John Thorp, Peter Klugewicz, and Thomas Bunting to be deposed August 29, 2019, and to confirm or reschedule that date. Defendants' attorney responded by email stating the scheduling of the Plaintiffs' depositions are to be held prior to the Defendants' depositions. "We will not proceed on August 29, 2019 with defendant depositions."

Plaintiffs respectfully submit, there is no rule Plaintiffs are required to be deposed first. Plaintiffs have tried to move things along given the Defendants' delay in responding to Discovery requests and producing or providing dates for the Defendants to be deposed.

Plaintiffs on August 21, 2019, sent another email to Defendants' attorney requesting that Defendants' determine which of following dates they had provided to Plaintiffs, 9/3, 9/6, 9/9, or 9/10, that the four Defendants would be available to be deposed. With this, Plaintiffs stated that Plaintiffs will work around the Defendants' availability and be available on any of the other dates that were provided by the Defendants' attorneys to be deposed by the Defendants. Plaintiffs reiterated in the email the need to have the depositions completed before the final date to submit an amended Complaint, September 15, 2019, which the Plaintiffs anticipated would be necessary. No response was received by Plaintiffs to this August 21, 2019, email sent to Defendants' attorney.

Plaintiffs followed up on August 26, 2019, with a certified letter to Defendants' attorneys restating and emphasizing Plaintiffs' request that Defendants' determine which of following dates Defendants' attorneys had provided, 9/3, 9/6, 9/9, or 9/10, would the four Defendants be available to be deposed. The letter also stated Plaintiffs will work around the Defendants' availability to be available on the other dates that were provided by the Defendants' attorneys to be deposed by the Defendants and stated the need to get the Discovery responses at least a week before the depositions. Plaintiffs further stated depositions needed to be completed before the final date to submit an amended Complaint, which the Plaintiffs anticipated would be necessary. No response from Defendants. Postal confirmation of delivery to Defendants' attorneys attached.

Defendants have intentionally failed to comply with depositions and Discovery, blatantly ignoring the rules of the Court. It appears they are attempting to "run out the clock" on Discovery by failing to provide any information at all and refusing to provide any dates to deliver the Defendants to be deposed. They have grossly prejudiced Plaintiffs' case and ability to access justice in this matter. In fact, Defendants' conduct and attitude are consistent with the pattern of Defendants' actions of wrongdoing, constitutional violations, deprivation of rights, secured under the Constitutional of the United States, *and Defendants'* willful withholding of information requested pursuant to the Freedom of Information Law (FOIL), which led to and are innumerate in Plaintiffs' Complaint now before this Court.

For the reasons stated above, Plaintiffs ask the Court to compel Defendants to respond to Plaintiffs' Interrogatories, request for admissions, and produce documents responsive to Plaintiffs' requests dated June 12, 2019, and to compel Defendants to submit to depositions at Federal District Court, Central Islip, a neutral location.

Plaintiffs further respectfully request, in the interest of justice, the Court extend the case schedule and the Discovery completion, including the date to amend the Complaint, to a date after the Defendants respond to Plaintiffs' <u>First Set of Interrogatories, Request for Admissions and First Request for Production of Documents</u> dated June 12, 2019, and <u>after the Defendants submit to depositions</u>. This schedule extension is necessary due to the gross injustice Defendants have perpetrated by blatantly ignoring the Discovery rules of the Court, and by failing to provide any responses in over two-and-a-half months, despite the shortened discovery schedule.

Dated: September 5, 2019

Respectfully Submitted,

*Charles & Geraldine Griffin, by Admins*
_____

*Craig Griffin*
_____

*Lance Griffin*
_____

*Caril Simmons*
_____

Plaintiffs: CHARLES GRIFFIN, GERALDINE GRIFFIN, by their Administrator, Caril Simmons, CRAIG GRIFFIN, LANCE GRIFFIN, CARIL SIMMONS

## AFFIDAVIT OF SERVICE BY MAIL

Karen Vitberg, being duly sworn, deposes and says:

I am over the age of eighteen years, not a party to this action and reside in West Babylon, New York. On the 5th day of September, 2019, I served a copy of a Motion to Compel dated September 5, 2019 to Havkins Roesnfeld Ritzert & Varriale, LLP re: *Griffin v. Rockville Centre*, et.al. 14-CV-4491 (JMA)(AYS) upon the following firm:

**HAVKINS ROSENFELD RITZERT & VARRIALE, LLO**
114 Old Country Road
Suite 300
Mineola, NY 11501

by depositing a true copy thereof securely enclosed in a post-paid wrapper in a Post Office box regularly maintained by the United States Government.

_____
KAREN VITBERG

Sworn to before me this
5th day of September, 2019

_____
Notary Public

JAMES ALAN HARVEY
Notary Public, State of New York
No. 02HA6324700
Qualified in Nassau County
Commission Expires 5/11/2023

## AFFIDAVIT OF SERVICE BY MAIL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 7 2019 ★
LONG ISLAND OFFICE

Karen Vitberg, being duly sworn, deposes and says:

I am over the age of eighteen years, not a party to this action and reside in West Babylon, New York. On the 6$^h$ day of August, 2019, I served a copies of the Plaintiffs' Notice of Depositions of Daniel Casella, John Thorp, Peter Klugewicz and Thomas Bunting upon the following firm:

> Susan Boland, Esq.
> Havkins Rosenfeld Ritzert
> & Varriale, LLP
> 114 Old Country Road
> Suite 300
> Mineola, NY 11501
>
> *Attorneys for Defendants*

*Incorporated Village of Rockville Centre, all employees, agents, servants, volunteers, identified and unidentified, without exception within such legal identity in their official capacity, including individuals listed individually and FRANCIS X. MURRAY, Mayor, individually, DANIEL CASELLA, Building Superintendent, individually, JOHN GOOCH, Building Inspector, individually THOMAS BUNTING, Building Inspector, individually JOHN THORP, Fire Chief, Individually, PETER KLUGEWICZ, Chief Fire Safety Inspector, individually, UNIDENTIFIED EMPLOYEES, AGENTS, SERVANTS, VOLUNTEERS, individually;*

by depositing a true copy thereof securely enclosed in a post-paid wrapper in a Post Office box regularly maintained by the United States Government.

*/s/ Karen Vitberg*
KAREN VITBERG

Sworn to before me this
6th day of August, 2019

*/s/ Joan P. Hugues*
Notary Public

JOAN P. HUGUES
Notary Public, State of New York
No. 01HU6097931
Qualified in Nassau County
Commission Expires 09/02/20__

RECEIVED
AUG 08 2019
EDNY PRO SE OFFICE

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature]  ☐ Agent  ☐ Address<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br>Susan Boland, Esq.<br>Hawkins Rosenfeld Ritzert<br>& Varriale, LLP<br>114 Old Country Road<br>Suite 300<br>Mineola, NY 11501<br><br>‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 4259 8121 8214 67 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☐ Adult Signature                    ☐ Priority Mail Express®<br>☐ Adult Signature Restricted Delivery  ☐ Registered Mail™<br>☒ Certified Mail®                      ☐ Registered Mail Restricted Delivery<br>☐ Certified Mail Restricted Delivery   ☐ Return Receipt for Merchandise<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation<br>☐ Insured Mail                         ☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7016 1370 0001 0947 3470 | ☐ Insured Mail Restricted Delivery (over $500) |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |