\UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHARLES GRIFFIN, GERALDINE
GRIFFIN, CRAIG GRIFFIN, LANCE
GRIFFIN, and CARIL SIMMONS,

                         Plaintiffs,

    -against-                                       **MEMORANDUM AND ORDER**
                                                **AND REPORT AND**
                                                  **RECOMMENDATION**
                                                  14-CV-4491 (JMA)(AYS)

INCORPORATED VILLAGE OF
ROCKVILLE CENTRE, FRANCIS
X. MURRAY, Mayor of the Incorporated
Village of Rockville Centre, in his official
And individual capacities, DANIEL CASELLA,
Building Superintendent for the Incorporated
Village of Rockville Centre, JOHN GOOCH,
Building Inspector for the Incorporated
Village of Rockville Centre, THOMAS
BUNTING, Building Inspector for the
Incorporated Village of Rockville Centre, in
his official and individual capacities, PETER
KLUGEWICZM Chief Fire Safety Inspector
for the Incorporated Village of Rockville
Centre, in his official and individual capacities,
And JOHN and/or JANE DOES,

                        Defendants.
----------------------------------------------------------X
**SHIELDS, United States Magistrate Judge:**

       This action was commenced in 2014, pursuant to 42 U.S.C. Section 1983 and New York State law. Broadly stated, Plaintiffs allege violations of their rights when Defendants took part in entering Plaintiffs' property on three separate occasions over seven years ago. Docket Entry herein ("DE") [1]. When this action was brought, Plaintiffs were represented by counsel. In 2018, this Court permitted Plaintiffs' counsel to withdraw, and in March of 2019, Plaintiffs elected to proceed pro se. Since making that election, Plaintiffs have vigorously represented

1

themselves, taking part in paper discovery and conducting several depositions. Along with Defendants' counsel, Plaintiffs have engaged in motion practice, and have undertaken to adhere to deadlines regarding the completion of discovery.

Presently pending are Plaintiffs' motions to compel discovery, extend the time in which to amend their complaint, and to amend their complaint. Also pending are Defendants' motion to compel, and their motion to extend the deadline for the completion of discovery.

The District Court has ordered discovery to close on October 31, 2019. The supervision of discovery has been referred to this Court. DE [95]. To the extent that the parties' motions raise non-dispositive issues concerning the supervision of discovery, they are granted in part and denied in part as set forth below. To the extent that the motions raise dispositive issues, or to extend a deadline imposed by the District Court, this Court recommends that the motions be denied.

## DISCUSSION

I. <u>Plaintiffs' Motions:  Docket Entries 117 and 120</u>

There are presently two motions interposed by Plaintiffs. Their first motion, appearing at DE [117], seeks to compel additional responses to paper discovery, and to extend the discovery schedule to allow Plaintiffs additional time in which to submit an amended complaint. In their second motion, appearing at DE [120], (submitted after Defendants' motion, which is discussed below) Plaintiffs oppose Defendants' request to extend discovery. In the event that discovery is extended, Plaintiffs seek the production of additional documents, to continue to depose Defendants, to depose additional individuals, and to file an amended complaint.

For the reasons set forth below, this Court denies the motion to compel and seek additional documents and depositions. This Court recommends that the District Court adhere to

the previously imposed discovery deadline, and that the motion to amend the complaint be denied.

A. The Motion to Compel is Denied

This Court has supervised discovery and is well familiar with the course thereof. In connection with its supervision, this Court has adjudicated several discovery disputes arising as to paper discovery and the taking of depositions. For example, in order to ensure that discovery was completed in a timely manner, this Court ordered particular dates for the taking of depositions. See Electronic Order dated October 5, 2019. With respect to paper discovery, this Court has ruled on issues of privilege, and has held that Defendants have complied with their discovery obligations. This Court has denied Plaintiffs' previous requests to extend discovery. See Electronic Order dated Octobers 22, 2019; see also DE [103].

This Court has broad discretion of oversee discovery and to rule on disputes. That discretion is exercised within the confines of the scope of permissible discovery, as set forth in Rule 26 of the Federal Rules of Civil Procedure. That Rule has been amended, on several occasions, to reflect evolving judgments as to the proper scope of discovery. Over time, these amendments have been aimed at striking the proper balance between the need for evidence, and the avoidance of undue burden or expense. The current scope of discovery is defined to consist of information that is relevant to the parties' "claims and defenses." Fed. R. Civ. P. 26. This definition is in contrast to prior law allowing discovery of "any matter relevant to the subject matter involved in the action," which has been eliminated. Additionally, the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant "to any party's claim or defense," also "proportional to the needs of the case." Id; see

generally Sibley v. Choice Hotels, Inc., No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015).

As to proportionality, the Court considers:

• The importance of the issues at stake in the litigation;

• The amount in controversy;

• The parties' relative access to relevant information;

• The parties' resources;

• The importance of discovery in resolving issues; and

• Whether the burden or expense of the discovery is outweighed by the benefit

Fed. R. Civ. P. 26(b).

This Court has reviewed the requests made by Plaintiffs, and is aware of the extent of discovery already provided by Defendants. Upon consideration of the discovery already completed in this case and the proportionality factors described above, this Court denies Plaintiffs' request for additional documents and/or depositions.

B. The Court Recommends Denial of the Requests to Extend Discovery and to File a Third Amended Complaint

Plaintiffs seek to extend the discovery deadline set by the District Court. As set forth above, the parties have engaged in extensive discovery in this case. The discovery already taken is proportional to the needs of the case. There is no need to order additional pretrial discovery. This Court therefore recommends that the District Court adhere to the previously ordered discovery deadline and deem discovery to be closed.

As to any motion to amend, Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings prior to trial. Fed. R. Civ. P. 15. Where, as here, leave of court is required to amend, the court has broad discretion to grant such leave "freely," "when justice so

requires." Fed. R. Civ. P. 15(a)(2). Because amendments "tend to facilitate a determination on the merits," they are "generally favored." Zucker v. Porteck Global Servs., Inc., No. 13-CV-2674, 2015 WL 6442414 *4 (E.D.N.Y. Oct. 23, 2015) (citations omitted). As stated by the Supreme Court, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Thus, Rule 15 is construed liberally and courts have broad discretion to allow parties to add additional causes of action. Hartman v. County of Nassau, No. 04 CV 1784, 2008 WL 1923127, *18 (E.D.N.Y. Apr. 28, 2008).

Despite the liberal construction generally afforded under Rule 15, motions to amend are properly denied where they are founded in "undue delay, bad faith, futility, or prejudice to the non-moving party. . . ." Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014). The non-movant bears the burden of demonstrating that the proposed amendment is improper. Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998). An amendment is properly denied as futile if the proposed new claim "has no merit or fails to demonstrate a cognizable or sufficient claim." Lamothe v. Town of Oyster Bay, No. 08-cv-2078, 2011 WL 4974804, at *9 (E.D.N.Y. Oct. 19, 2011). When determining futility, the court reviews the viability of the proposed claim pursuant to the same standard invoked with respect to a Rule 12 motion to dismiss. Lucente v. International Bus. Machs., Corp., 310 F.3d 243, 258 (2d Cir. 2002); Morritt v. Stryker Corp., 973 F.Supp.2d 177, 183 (E.D.N.Y.2013); Catholic Diocese of Rockville Centre v. Inc. Vill. of Old Westbury, No. 09 CV 5195, 2012 WL 1392365, at *5 (E.D.N.Y. Apr. 23, 2012). Under this familiar standard, the claim sought to be asserted must plead facts sufficient to support a plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As in the Rule 12

context, the Court considering futility construes the facts alleged by the party seeking to amend as true, and such facts are viewed in the "most favorable light." Hartman, 2008 WL 1923127 at *18 (E.D.N.Y. Apr. 28, 2008).

Despite the generous standard applied to motions to amend under Rule 15, this Court recommends that the District Court deny Plaintiffs' motion. First, Plaintiffs have not submitted a proposed (what would be their third) amended complaint. Other than stating broadly that facts uncovered during discovery indicate that additional causes of action will be added, and indicating a list of several proposed additional defendants, it is unclear what allegations would form the basis of any additional pleading. For the reasons set forth below, the Court recommends that any motion to amend be denied as futile and unduly prejudicial to the existing (and any additional) defendants.

Plaintiffs' Constitutional and State law claims have already been challenged and discussed at length in the District Court's decision on Defendants' motion to dismiss the Second Amended Complaint. See DE [54] (decision on motion to dismiss) and [63] (decision on motion for reconsideration). The majority of Plaintiffs' claims, including their claim of municipal liability, have been dismissed. The District Court has also dismissed Plaintiffs' claims for destruction of property, their Fourteenth Amendment Due Process claim for deprivation of property without just compensation, and their Fourteenth Amendment Equal Protection claim for failure to show similarly situated comparators and/or differential treatment based upon impermissible considerations. Likewise, Plaintiffs' Substantive Due Process claim was dismissed for failure to show conduct rising to the level of the violation alleged. As to the variety of state law claims alleged, certain trespass claims were dismissed, as were Plaintiffs' claims for conversion. Ultimately, the only claims to survive the motion to dismiss the Second Amended

6

Complaint were the Section 1983 unlawful search and seizure claims of Charles Griffin, Geraldine Griffin and Craig Griffin, and their trespass claims for the July 17, 2012 entry as to Defendants Bunting, Klugewicz, Casella and Thorp. The remaining claims were dismissed as to all Defendants. DE [54]. Upon partial reconsideration, the District Court granted Defendants' motion with respect to the state law trespass claims arising from the incident of July 17, 2012, and denied the motion with respect to the Section 1983 claims arising from that incident. Thus, the state law trespass claims arising from the July 17, 2012 incident were added to the list of claims dismissed as to all Defendants.

Other than setting forth a list of additional municipal defendants, Plaintiffs fail to state the allegations of their proposed third amended complaint. While Plaintiffs' pro se status might excuse the failure to submit a proposed pleading, Plaintiffs herein have proven that they are well aware of the mechanics of litigation. More importantly and, even excusing the failure to submit a proposed pleading, Plaintiffs' motion fails to set forth specifics as to liability and new causes of action. In view of the fact that the events surrounding this case are limited to discrete acts that took place over seven years ago, it would be unduly prejudicial to allow Plaintiffs to continue to amend their pleadings to add additional defendants or claims at this time. There is no doubt that the passage of time will prejudice the ability of additional defendants to mount a defense. Further, in view of the fact that Plaintiffs have previously asserted a variety of Federal and State law claims that have been dismissed, it is likely that any additional claim would be dismissed as futile.

For the foregoing reasons, the Court recommends that the District Court deny the motion to amend, as well as any request for additional time in which to amend.

II.      <u>Defendants' Motion to Extend Discovery and Compel: DE [119]</u>

Defendants seek to compel Plaintiffs to respond to document demands made with respect to issues that arose during the course of their depositions. Like Plaintiffs, Defendants also seek to extend the deadline for the completion of discovery. In particular, Defendants seek additional time to take depositions.

As to their discovery demands, Defendants' motion is granted in part and denied in part. In accord with the ruling above, this Court recommends that the District Court adhere to its previously ordered date for the completion of discovery.

A.      <u>The Motion to Compel is Granted in Part and Denied in Part</u>

Defendants seek the production of a variety of documents. The Court has reviewed those requests and rules as follows. The motion to compel is denied with respect to the requests for medical authorizations and records (requests 1-10). The Court holds such matters to be outside of the scope of permissible discovery. The motion to compel the documents set forth in Request numbers 11-38 is granted. Plaintiffs shall produce the documents set forth in those requests within three weeks of the date of this order. In the event that Plaintiffs are not in possession of responsive documents, they shall state that fact (as to each separately numbered request) in writing and under oath. Plaintiffs are cautioned that any document not produced to Defendants cannot be used at trial.

As to the request to take additional depositions, the Court rules that in view of the extensive discovery already undertaken, there is no reason to find that that additional depositions will uncover additional discoverable evidence. The motion to take any additional depositions is denied.

B.        <u>The Court Recommends Denial of the Requests to Extend Discovery</u>

For the same reasons set forth above with respect to Plaintiffs' motion to extend discovery, the Court recommends denial of the motion, and that the District Court adhere to the previously ordered deadline.

CONCLUSION

For the foregoing reasons, the Court rules as to the motions appearing at Docket Entries [117], [119] and [120] as follows:

To the extent that Plaintiffs' motions (appearing at Docket Entries [117] and [120] herein) seek additional discovery in the form of documents or depositions, the motions are DENIED.

Defendants' motion to compel (appearing at Docket Entry [119] herein) is GRANTED in part and DENIED in part as set forth above.

To the extent that Plaintiffs and/or Defendants seek to extend the District Court's previously imposed deadline for the completion of discovery, it is respectfully recommended that the District Court DENY any such motion and, instead, adhere to its previously imposed deadline for the completion of discovery, such that all pretrial discovery in this matter be deemed closed.

Finally, this Court respectfully recommends that the District Court DENY Plaintiffs' motion to amend their complaint to file a third amended complaint naming new defendants and additional causes of action.

OBJECTIONS

To the extent that this decision recommends rulings on dispositive matters, the Court directs the parties' attention to the following:

A copy of this Report and Recommendation is being provided to Defendants' counsel via ECF. Defendants' counsel is directed to serve a copy of this Report and Recommendation on Plaintiffs, and to file proof of service on the docket sheet, by January 3, 2020. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
January 2, 2020

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge