FILED
CLERK
4:28 pm, Mar 03, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARIL SIMMONS, *as administratrix of the estates of* CHARLES GRIFFIN *and* GERALDINE GRIFFIN, *deceased*, AND CRAIG GRIFFIN,

                Plaintiffs,

   v.

DANIEL CASELLA, *Building Superintendent of the Incorporated Village of Rockville Centre,*
JOHN GOOCH, *Building Inspector for the Incorporated Village of Rockville Centre*,
THOMAS BUNTING, *Building Inspector for the Incorporated Village of Rockville Centre*,
PETER KLUGEWICZ, *Chief Fire Safety Inspector for the Incorporated Village of Rockville Centre*,
JOHN THORP, *Fire Chief for the Incorporated Village of Rockville Centre*,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 14-4491 (GRB) (AYS)

**GARY R. BROWN, United States District Judge:**

      Plaintiffs Charles Griffin, Geraldine Griffin, Craig Griffin, Lance Griffin, Caril Simmons, and the "Griffin Family," filing *pro se*, commenced this action by filing a complaint on July 25, 2014. Docket Entry ("DE") 1. On September 30, 2016, the Honorable Joan M. Azrack, United States District Judge, held that plaintiffs Charles Griffin, Geraldine Griffin, and Craig Griffin's Section 1983 unlawful search and seizure claims and New York State trespass claims survive with respect to the July 17, 2012 incident against defendants John Gooch and Daniel Casella and the May 1, 2013 incident against defendants Thomas Bunting, Peter Klugewicz, Daniel Casella, and John Thorp, and plaintiffs' remaining claims are dismissed as to all defendants. DE 54 at 20.

1

Judge Azrack then reconsidered her prior order, and further dismissed the New York State trespass claims arising from the July 17, 2012 incident. DE 63.

On December 12, 2019, Caril Simmons filed a motion to substitute herself as a named party as administratrix of the estates of Charles Griffin and Geraldine Griffin, who are both deceased. DE 125. That motion is GRANTED on the merits and as unopposed. The Clerk of the Court is directed to amend the caption of the action to reflect the substitution of the parties as reflected above. Hereinafter, "Remaining Plaintiffs" shall mean Caril Simmons as administratrix of the estates of Charles Griffin and Geraldine Griffin, deceased, and Craig Griffin. "Remaining Defendants" shall mean defendants Gooch, Casella, Bunting Klugewicz, and Thorp. Remaining Plaintiffs are presently filing *pro se*.

Before the Court are certain objections to the memorandum and order and report and recommendation by the Honorable Anne Y. Shields, United States Magistrate Judge, concluding, in relevant part, as follows:

> To the extent that Plaintiffs' motions (appearing at Docket Entries [117] and [120] herein) seek additional discovery in the form of documents or depositions, the motions are DENIED.
>
> Defendants' motion to compel (appearing at Docket Entry [119] herein) is GRANTED in part and DENIED in part as set forth above. ["The motion to compel is denied with respect to the requests for medical authorization and records (requests 1-10). . . . The motion to compel the documents set forth in Requests numbers 11-38 is granted. . . . As to the requests to take additional depositions, the Court rules that in view of the extensive discovery already undertaken, there is no reason to find that [] additional depositions will uncover additional discoverable evidence. The motion to take any additional depositions is denied."]
>
> To the extent that Plaintiffs and/or Defendants seek to extend the District Court's previously imposed deadline for the completion of discovery, it is respectfully recommended that the District Court DENY any such motion and, instead, adhere to its previously imposed deadline for the completion of discovery, such that all pretrial discovery in this matter be deemed closed.

> Finally, this Court respectfully recommends that the District Court DENY Plaintiffs' motion to amend their complaint to file a third amended complaint naming new defendants and additional causes of action.

DE 127 at 8-9.

On January 9, 2020, Remaining Plaintiffs requested an extension of time to object to the memorandum and order and report and recommendation. DE 129. On January 10, 2020, Remaining Defendants objected on the grounds that they have not received discovery responses from the Remaining Plaintiffs. DE 130. On January 29, 2020, Remaining Plaintiffs filed an objection to the memorandum and order and report and recommendation, arguing that an extension of time to complete discovery is needed due to defense counsel's failure to comply with discovery. *See* DE 131 at ¶¶ 11-13. Remaining Plaintiffs' request for an extension of time to file objections is GRANTED *nunc pro tunc*, and the Court considers both parties' arguments opposing the memorandum and order and report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge "may designate a magistrate judge to hear and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. *MKTG, Inc. v. Oceanside Ten Holdings.com*, No. 18-CV-953 (SJF)(GRB), 2019 WL 6711459, at *5 (E.D.N.Y. Dec. 10, 2019) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)). "Matters concerning discovery are generally considered 'nondispositive' of the litigation. *Id.* (quoting *Arisa Records*, 604 F.3d at 116)). "Upon consideration of any timely objections, and reconsideration of the magistrate judge's order . . . the district judge must 'modify or set aside any part of that order that is clearly erroneous or contrary to the law.'" *Id.* (citing Fed R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).

In reviewing a magistrate judge's report and recommendation, the Court must "make a *de novo* determination of those portions of the report or . . . recommendations to which objection[s]

3

[are] made." 28 U.S.C. § 636(b)(1)(C); *see also Brown v. Ebert*, No. 05-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. *See Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court applies the clearly erroneous and contrary to the law standard for nondispositive orders, and to the extent that Judge Shields's decision relates to matters that may be construed as dispositive, such as the motion to amend, the Court has considered such matters *de novo*. The Court has also considered the standards applicable to *pro se* litigants, and has construed the pleadings and arguments accordingly. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Remaining Plaintiffs' belated effort to, once again, amend the complaint without the provision of a proposed pleading is denied at this time, and Judge Shields's decision is adopted in this regard. Furthermore, both parties have been given multiple extensions of time for discovery. *See* DE 27, 62, 69, 90, 95. Remaining Plaintiffs have meaningfully participated in discovery by taking depositions, engaging in paper discovery, and litigating discovery motions in a *pro se* capacity. *See, e.g.*, DE 97, 116. Judge Shields has carefully supervised the discovery process, ensuring fairness throughout. The Court finds her decision rejecting both parties' application to prolong discovery appropriate, and in no way constituting clear error. This case has lingered for far too long, and it is time to move it forward.

Accordingly, the Court affirms Judge Shields's thoughtful memorandum and order and report and recommendation in all respects, and both parties' objections are overruled, and Judge

Shields's memorandum and order and report and recommendation is adopted as an opinion of the Court.[1]

Defense counsel has indicated that she intends on filing a summary judgment motion. DE 124. The Court waives its premotion conference requirement. Remaining Defendants shall serve but not file upon Remaining Plaintiffs the summary judgment motion within sixty (60) days of this Memorandum and Order. Remaining Plaintiffs shall serve but not file their opposition papers upon Remaining Defendants within thirty (30) days thereafter. Remaining Defendants shall serve any reply papers, and file the fully briefed summary judgment motion with the Court within thirty (30) days thereafter. Defense counsel shall also mail a courtesy copy of the fully briefed summary judgment motion to chambers.[2]

The Clerk of the Court is directed to serve a copy of this memorandum and order upon *pro se* Remaining Plaintiffs.

**SO ORDERED.**

Dated: Central Islip, New York
       March 3, 2020                                     /s/ Gary R. Brown
                                                                                GARY R. BROWN
                                                                                United States District Judge

---

[1] Remaining Defendants' objection is filed as a motion for reconsideration, requesting the Court allow further discovery "to correct clear error or prevent manifest injustice." DE 130. Even if deciding Remaining Defendants' motion as a motion for reconsideration set forth in Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, upon showing of clear error and manifest injustice, the Court adheres to Judge Shields's memorandum and order and report and recommendation. *See In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701-02 (S.D.N.Y. 2011).

[2] Should the parties require additional discovery as to the anticipated summary judgment motion, they must comply with Federal Rule of Civil Procedure 56(d).